UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRKWOOD PROPERTIES INC. a
Michigan Corporation, d/b/a MILLER
TRANSIT MIX COMPANY,

        Plaintiff,                    Case No. 2:07-cv-10179
                                           HON. ANNA DIGGS TAYLOR
v.                                             MAG. JUDGE R. STEVEN WHALEN

JOE FRANTZ d/b/a CLASSIC CONCRETE,
JOHN ORECCHIO, ABN AMRO MORTGAGE
GROUP, INC. et al.,

        Defendants.
_____/

## **MEMORANDUM OPINION AND ORDER**

Before this court is Defendant, Cross, Counter and Third-Party Plaintiff, the Morgan Group's ("TMG") Motion for Partial Summary Judgment to Determine Lien Priority. The issue presented to this court is whether TMG's lien on the property located at 7800 Dyke Road, Ira Township, Michigan (the "Property") is superior to the mortgage lender's lien on the Property ABN AMBRO Mortgage Group, Inc.( "ABN"). For the reasons fully articulated below, TMG's Motion for Partial Summary Judgment is GRANTED.

**I.**

The facts of this case are substantially undisputed. On September 22, 2004, John and Jean Orecchio, as husband and wife, obtained a purchase money mortgage in the amount of $320,000 from ABN for the Property. ABN recorded its mortgage on March 23, 2005. However, on October 24, 2004, TMG entered into a Cost Plus Construction Contract with Mr. Orecchio for the

1

construction of a sixty stall horse barn, riding arena, infrastructure, fencing, pastures, residence and other related activities. TMG filed a Notice of Commencement on October 25, 2004. It is undisputed that TMG through its many subcontractors had completed a substantial amount of work on the property by the time that ABN's mortgage was recorded in March 2005.

On September 8, 2006, the United States Security Exchange Commission ("SEC") filed suit in the United States District Court for the Northern District of Illinois against Mr. Orecchio and his company, AA Capital Partners, Inc., an investment advisory firm, for allegedly misappropriating over ten million dollars in client funds. Some of these monies were allegedly used to finance the construction on the Property. On September 26, 2006, Mirkwood Properties d/b/a Miller Transit Mix Co., one of TMG's subcontractors on the Property, filed suit in state court seeking to foreclose upon its lien on the Property. TMG and the myriad of subcontractors that it had hired to perform work on the Property also sought enforcement of their liens. The SEC subsequently removed the action to this court. On November 19, 2007, this court ordered the lien claimants to file any dispositive motions seeking priorities relative to any other lien claimants or ABN. The Order also referred all issues concerning amounts owed to the individual lien claimants to Magistrate Judge R. Steven Whalen. Pursuant to this court's order, TMG filed the instant motion.

II.

*Legal Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

III.

*Analysis*

TMG argues that under the Michigan Construction Lien Act (the "Act") its lien is superior to ABN's mortgage interest because the Act grants priority to a construction lien over any encumbrance recorded after the first actual physical improvement to the property. With respect to this argument, TMG cites to M.C.L. §570.1119(3) which provides:

> A construction lien arising under this act shall take priority over all other interests, liens, or encumbrances which may attach to the building, structure, or improvement, or upon the real property on which the building, structure, or improvement is erected when the other interests, liens, or encumbrances are recorded subsequent to the first actual physical improvement.

Moreover, in *Williams & Works, Inc. v. Springfield Corp.* 76 Mich. App. 541, 550 (1977), the Michigan Court of Appeals has held that "[t]he delivery of materials or other commencement of work prior to the recording of the mortgage on the subject property gives the liens priority, even without the filing of notice of lis pendens."

In the instant case, ABN does not dispute that its mortgage was recorded after TMG had made the first actual physical improvements on the Property. Therefore, assuming that TMG's lien is valid, the clear and unambiguous language of the Act provides that its lien would take priority over ABN's mortgage. ABN, however, challenges the validity of TMG's lien because its does not arise from a contract with both owners of the Property. Specifically, ABN argues that Mr. Orecchio needed his wife's consent, in order to encumber the Property. In support of this argument ABN relies upon M.C.L. §570.1114 which in pertinent part states:

3

> A contractor does not have a right to a construction lien on the interest of an owner or lessee in a residential structure unless the contractor has provided an improvement to the residential structure pursuant to a written contract between the owner or lessee and the contractor and any amendments or additions to the contract are also in writing.

ABN acknowledges that under the Act, where property is owned by more than one individual, when one owner consents to a construction contract, there is a statutory presumption that all owners have consented. In pertinent part, the Act provides:

> For purposes of this act, if the real property is owned or leased by more than 1 person, there is a **rebuttable presumption** that an improvement to real property under a contract with an owner or lessee was consented to by any other co-owner or co-lessee.

M.C.L. §570.1107(5).

In order to overcome the statutory presumption that Mrs. Orecchio also consented to her husband's contract with TMG, ABN must present direct and positive evidence to the contrary. *Krisher v. Duff* 331 Mich. 699, 709 (1951) quoting *Transcontinental Insurance Co. v. Berens,* 254 Mich. 613 (1931). ABN argues that this presumption is defeated by a Power of Attorney ("POA") that Mrs. Orecchio executed on September 15, 2004, in which, Mrs. Orecchio did not give Mr. Orecchio the specific authority to encumber the Property. This argument fails, however, given the fact that the POA does not expressly forbid Mr. Orecchio from entering into any such contract. Indeed, ABN has failed to present any direct evidence showing that Mrs. Orecchio did not consent to the contract with TMG. Hence, ABN's argument that TMG's lien is not valid because Mrs. Orecchio did not consent must fail. Consequently, TMG's lien is valid and, pursuant to M.C.L. §570.1119(3) of the Act, TMG's lien must take priority over ABN's mortgage.

ABN has also attacked the validity of the subcontractors' liens arguing that their liens are

not valid, given that they were not filed timely. This argument is of no import here, since as TMG argues, it is obligated under the Michigan Builders Fund Act M.C.L. §570.151 *et. seq.,* to pay its subcontractors. All of the lien claimants in this case are either subcontractors of TMG or subcontractors of TMG subcontractors. Therefore, this argument is moot. Lastly, ABN contends that TMG's lien is invalid because it has been overstated in bad faith. As ABN acknowledges, this court has stated that the magistrate judge will review the actual amounts set forth in the claimants' liens after this court has rendered its decision regarding priority. Therefore, the court will not address this argument at this time, because it is premature.

IV.

*Conclusion*

**IT IS ORDERED** that Defendant, Cross, Counter and Third-Party Plaintiff, the Morgan Group's Motion for Partial Summary Judgment [D/E 84] is GRANTED.

**IT IS SO ORDERED**.

DATED: August 15, 2008 

**s/Anna Diggs Taylor**
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 15, 2008.

John and Jean Orecchio
615 E Mayfair
Arlington Heights, IL 60005

s/Johnetta M. Curry-Williams
Case Manager